Abelardo CHAPARRO, Petitioner–
Appellant,

v.

Ivan BARTOS; Terry Goddard,
Respondents–Appellees.

No. 10–15295.

United States Court of Appeals,
Ninth Circuit.

Submitted July 18, 2012.*

Filed July 27, 2012.

Abelardo Chaparro, Winslow, AZ, pro
se.

Michael Tighe O'Toole, Esquire, Acting
Assistant Attorney General, Arizona Attor-
ney General's Office, Phoenix, AZ, for Re-
spondents–Appellees.

Before: FERNANDEZ, PAEZ, and
NGUYEN, Circuit Judges.

* The panel unanimously finds this case suitable
  for decision without oral argument. Fed.
  R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

1. *See Padilla v. Kentucky*, —— U.S. ——, ——,
   130 S.Ct. 1473, 1482, 176 L.Ed.2d 284
   (2010); *Strickland v. Washington*, 466 U.S.
   668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d
   674 (1984).

2. *See State v. Grannis*, 183 Ariz. 52, 900 P.2d
   1, 9–10 (Ariz.1995), *overruled on other*

MEMORANDUM **

Abelardo Chaparro appeals the district
court's denial of his petition for a writ of
habeas corpus. See 28 U.S.C. § 2254.
We affirm.

(1) Chaparro asserts that the district
court erred in denying relief on his claim
regarding an ambiguous self-defense in-
struction. The state court determined
that even if counsel unreasonably[1] offered
an ambiguous self-defense instruction,[2]
there was no prejudice;[3] it pointed out
that a closely following instruction clarified
that ambiguity.[4] Moreover, both the state
court and the district court noted that
substantial (indeed overwhelming) evi-
dence weighed against the self-defense
claim. We are unable to say that the state
court's determination was unreasonable.
See *Harrington v. Richter*, —— U.S. ——,
——, 131 S.Ct. 770, 785–86, 178 L.Ed.2d
624 (2011). The district court did not err.

(2) Chaparro then asserts that the dis-
trict court erred in denying relief on his
claim regarding excluded evidence. The
state court determined that even if coun-
sel's performance was deficient in failing to
obtain admission of excluded testimony of
a witness,[5] there was no prejudice within
the meaning of *Strickland*, 466 U.S. at 694,
104 S.Ct. at 2068; it pointed to the wit-
ness's inconsistencies, the partially cumu-
lative nature of the testimony regarding

grounds by State v. King*, 225 Ariz. 87, 235
P.3d 240, 242–43 (Ariz.2010).

3. *See Padilla*, —— U.S. at ——, 130 S.Ct. at
   1482; *Strickland*, 466 U.S. at 694, 104 S.Ct.
   at 2068.

4. *See Middleton v. McNeil*, 541 U.S. 433, 438,
   124 S.Ct. 1830, 1833, 158 L.Ed.2d 701 (2004)
   (per curiam).

5. Presumably that testimony would have gone
   to Chaparro's state of mind.

the victim's threats, and the overwhelming evidence against the self-defense claim. On this record, we are unable to say that the state court's determination was unreasonable. The district court did not err.

(3) Chaparro next asserts that the district court erred when it refused to consider certain of his claims that were procedurally defaulted, due to his failure to raise them in the state courts. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). We agree that his procedural defaults would be excused if it could be shown that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" he has presented. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995); *see also Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir.2011) (en banc). However, taken with the other evidence in the record, the expert's affidavit on the issue of self-defense submitted by Chaparro does not meet that exacting standard. *See Schlup*, 513 U.S. at 327, 115 S.Ct. at 867; *Lee*, 653 F.3d at 938; *see also Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc). Thus, we reject that assertion.[6]

AFFIRMED.

---

**6.** To the extent that Chaparro asserts a freestanding substantive actual innocence claim, we decline to consider it. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Rhoades v. Henry*, 598 F.3d 511, 515 n. 6 (9th Cir.2010). Assuming that a claim of that sort can be made in this sort of

case, it could not prevail here. *See Herrera v. Collins*, 506 U.S. 390, 417, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993); *Cooper v. Brown*, 510 F.3d 870, 885 (9th Cir.2007).